# STATE OF MICHIGAN

# COURT OF APPEALS

DOREED A. ABEELHD,

      Plaintiff-Appellant,

v

OM CENTER LINE OIL, INC.,

      Defendant-Appellee.

UNPUBLISHED
November 16, 2017

No. 333299
Macomb Circuit Court
LC No. 2015-002071-NO

Before: BORRELLO, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

In this premises liability action involving a slip and fall in wintry conditions, plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(10) and the open and obvious danger doctrine. We affirm.

This Court reviews de novo a trial court's ruling on a motion for summary disposition. *Hoffner v Lanctoe*, 492 Mich 450, 459; 821 NW2d 88 (2012). With respect to a motion for summary disposition brought pursuant to MCR 2.116(C)(10), this Court in *Pioneer State Mut Ins Co v Dells*, 301 Mich App 368, 377; 836 NW2d 257 (2013), set forth the governing principles:

> In general, MCR 2.116(C)(10) provides for summary disposition when there is no genuine issue regarding any material fact and the moving party is entitled to judgment or partial judgment as a matter of law. A motion brought under MCR 2.116(C)(10) tests the factual support for a party's claim. A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) if the pleadings, affidavits, and other documentary evidence, when viewed in a light most favorable to the nonmovant, show that there is no genuine issue with respect to any material fact. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ. The trial court is not permitted to assess credibility, weigh the evidence, or resolve factual disputes, and if material evidence conflicts, it is not appropriate to grant a motion for summary disposition under MCR 2.116(C)(10). A court may only consider substantively admissible evidence actually proffered relative to a motion for summary disposition under MCR 2.116(C)(10). [Citations and quotation marks omitted.]

In *Hoffner*, 492 Mich at 459-460, our Supreme Court provided an overview of the law regarding premises liability, explaining:

> The law of premises liability in Michigan has its foundation in two general precepts. First, landowners must act in a reasonable manner to guard against harms that threaten the safety and security of those who enter their land. Second, and as a corollary, landowners are not insurers; that is, they are not charged with guaranteeing the safety of every person who comes onto their land. These principles have been used to establish well-recognized rules governing the rights and responsibilities of both landowners and those who enter their land. Underlying all these principles and rules is the requirement that both the possessors of land and those who come onto it exercise common sense and prudent judgment when confronting hazards on the land. These rules balance a possessor's ability to exercise control over the premises with the invitees' obligation to assume personal responsibility to protect themselves from apparent dangers.

> The starting point for any discussion of the rules governing premises liability law is establishing what duty a premises possessor owes to those who come onto his land. With regard to invitees, a landowner owes a duty to use reasonable care to protect invitees from unreasonable risks of harm posed by dangerous conditions on the owner's land. Michigan law provides liability for a breach of this duty of ordinary care when the premises possessor knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect. [Citations omitted.]

Contemplation of whether a hazard or defect is open and obvious is an integral component of defining the duty owed by an invitor to an invitee. *Hoffner*, 492 Mich at 460.[1] A possessor of land does not owe a duty to protect or warn an invitee of dangers that are open and obvious. *Id.* This is true "because such dangers, by their nature, apprise an invitee of the potential hazard, which the invitee may then take reasonable measures to avoid." *Id.* at 461. "Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Id.* This analysis entails application of an objective standard, requiring examination of the objective nature of the condition of the premises. *Id.* It is well established that wintry conditions can be deemed open and obvious, and "Michigan courts thus ask whether the individual circumstances, including the surrounding conditions, render a snow or ice condition open and obvious such that a reasonably prudent person would foresee the danger." *Id.* at 464.[2]

---

[1] There is no dispute that plaintiff was a business invitee.

[2] An exception to the duty owed for open and obvious dangers arises when special aspects of a condition make even an open and obvious risk unreasonable. *Hoffner*, 492 Mich at 461. Special aspects exist when an open and obvious hazard remains unreasonably dangerous or when it is

Defendant's gas station and convenience store has an outside entranceway area that is a step above the pavement in the parking lot, such that a patron entering the store must first take a step up shortly before reaching the doors, similar to walking up onto a curb. Thus, there is a change in the elevation of the ground near the entranceway; going upward when entering the store and going downward when exiting. The incident at issue occurred on a January day, and there is no real dispute that the conditions were generally cold, snowy, icy, and slippery. In his deposition, plaintiff, who had walked to the store, testified that he was nearing the entranceway area when he took a step at the spot where the elevation changed, or the curb existed, and slipped and fell, allegedly resulting in injury. Plaintiff claimed that snow completely covered and obscured the area of the elevation change or curb, making it impossible for him to distinguish the change in elevation or to discern that he needed to take a step up. In his appellate brief, plaintiff asserts that the unexpected elevated plane upon which he stepped was the hazard that caused him to slip and fall, given its concealment by the snow and the general slipperiness of the area. However, plaintiff did not specifically testify that the unknown snow-covered curb or the change in elevation caused him to slip and fall. Indeed, he testified that he could not recall what he exactly slipped on, while also testifying that it was simply the snow that made him fall. To the extent that snow or ice caused plaintiff to slip and fall, those hazards were very clearly open and obvious, precluding liability. Plaintiff's causation argument predicated on a hidden change in elevation is simply not supported by his testimony and the record.

Affirmed. Having fully prevailed on appeal, defendant is awarded taxable costs under MCR 7.219.

/s/ Stephen L. Borrello
/s/ William B. Murphy
/s/ Amy Ronayne Krause

---

effectively unavoidable. *Id.* at 461-463. Plaintiff does not contend that a special-aspect exception applies in this case, and the record would not support such an argument even if made.